[No. F011922. Fifth Dist. Aug. 6, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN EDWARD WRIGHT, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II, III-B, III-C and IV.

■■■■■■■

■■■■■■■■■■■

■■■■■■■■■■■■■

■■■■■■■

■■■■■■■■■■■■■■

**COUNSEL**

David D. Carico, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Blair Hoffman and Ann Grogan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PETTITT, J.\*—**

I

An information filed October 14, 1988, charged appellant John Edward Wright with one count of felony spousal abuse. (Pen. Code, § 273.5, subd. (a).)[1] It was further alleged appellant intentionally inflicted great bodily injury upon the victim, Andora Denise Gibson, within the meaning of

---

\*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.

[1] All further statutory references are to the Penal Code unless otherwise indicated.

section 12022.7. On October 18, 1988, appellant pleaded not guilty and denied the special allegation. The prosecutor's motion to dismiss the great bodily injury enhancement was granted.

During the trial, the prosecutor's motion to admit the preliminary hearing testimony of the victim was granted. On January 9, 1989, the jury found appellant guilty. On February 2, 1989, the date set for sentencing, appellant moved for a new trial due to the unavailability of the victim during trial. The court denied the motion and sentenced appellant to the lower term of two years. On March 6, 1989, the court denied appellant's request to recall his sentence. Appellant file a timely notice of appeal.

■ The principal issue on this appeal is the appropriate standard of review to be employed in reviewing a claim of trial court error in admitting a witness's preliminary hearing testimony. We conclude the trial court's ruling is reviewed under the abuse of discretion standard.

## II*

### FACTS

. . . . . . . . . . . . . . . . . . .

## III

### THERE WAS NO ERROR IN ADMITTING THE VICTIM'S PRELIMINARY HEARING TESTIMONY.

A.   Standard of Review

■ "A witness's prior testimony may be introduced if, among other things, he is unavailable as a witness at trial. [Citation.] 'Unavailability may be established by showing that the declarant is "Absent from the hearing and the proponent of his statement has exercised reasonable diligence but has been unable to procure his attendance by the court's process." [Citations.]' [Citation.] The prosecution must make a good faith effort and exercise reasonable diligence to procure the witness's appearance. [Citations.]" (*People* v. *Hovey* (1988) 44 Cal.3d 543, 562 [244 Cal.Rptr. 121, 749 P.2d 776].)

■ The parties dispute the appropriate standard of review to be employed in determining whether due diligence was shown. Relying on *People*

---

*See footnote, *ante*, page 1002.

v. *Louis* (1986) 42 Cal.3d 969 [232 Cal.Rptr. 110, 728 P.2d 180], appellant asserts the issue is subject to "independent review" by the appellate court. Conversely, the People assert the issue is reviewed under the "abuse of discretion" standard.

Prior to 1986 it was settled that review of a trial court's ruling regarding the unavailability of a witness was governed by the abuse of discretion standard. (*People* v. *Jackson* (1980) 28 Cal.3d 264, 312 [168 Cal.Rptr. 603, 618 P.2d 149].) However, in *Louis, supra,* the Supreme Court suggested that the appropriate standard might be "independent review." (*Louis, supra,* 42 Cal.3d at p. 984.) The court did not, however, adopt this standard. Rather, the court stated: " . . . we need not resolve the issue; under any standard, the admission . . . was error." (*Id.* at p. 989.)

Subsequently, in *People* v. *Hovey, supra,* 44 Cal.3d 543, the court discussed the applicable standard of review and stated: "We have held that the question of due diligence is a factual one depending on the circumstances in each case, and that the trial court's determination of the issue will not be disturbed in the absence of a showing of an abuse of discretion. [Citations.]" (*Id.* at p. 563.) The court then goes on to note that in *Louis* "we suggested (but did not decide) that an appellate court should independently review the record on the due diligence issue." (*Ibid.*) Although recognizing the potential conflict, the court expressly did not state which standard should be applied. Rather, the court stated: "In any event, in the present case, whether the 'abuse of discretion' or the 'independent review' test is used, the trial court's finding of due diligence should be upheld." (*Id.* at pp. 563-564.)

Appellate court opinions conflict as to the appropriate standard to be applied. In *People* v. *McElroy* (1989) 208 Cal.App.3d 1415 [256 Cal.Rptr. 853], the court concluded the Supreme Court continues to apply the abuse of discretion standard even after its decision in *Louis.* In *McElroy,* the court stated: "While the *Louis* dicta ordinarily would be accorded substantial weight by this court [citation], the subsequent Supreme Court decision in *People* v. *Hovey* (1988) 44 Cal.3d 543 . . . compels us to conclude the Supreme Court continues to adhere to the traditional 'abuse of discretion' standard. The *Hovey* court, discussing the applicable standard, stated: 'We have *held* that the question of due diligence is a factual one depending on the circumstances in each case, and that the trial court's determination of the issue will not be disturbed in the absence of a showing of an abuse of discretion [citations]. In *People* v. *Louis* (1986) 42 Cal.3d 969, 984-989 . . . *we suggested (but did not decide)* that an appellate court should independently review the . . . due diligence issue.' [Citation.] The *Hovey* court apparently applied the 'abuse of discretion' standard when it sustained the

trial court's finding of due diligence, concluding the ' . . . finding [was] supported by substantial evidence.' [Citation.]

"Thus, the most recent Supreme Court guidance on this issue both reaffirmed the vitality of prior cases applying the 'abuse of discretion' standard, and cautioned that any contrary analysis or suggestions in *People* v. *Louis, supra*, 42 Cal.3d 969 were dicta." (*Id*. at p. 1426, italics in original.)

The court further concluded that even if it were free to adopt either standard, it "would on policy grounds select 'abuse of discretion' as the appropriate standard for reviewing a determination of due diligence. Courts have consistently acknowledged due diligence to be a factual matter, 'depending on the circumstances in each case.' (*People v. Hovey, supra*, 44 Cal.3d at p. 563.) A determination of the reasonableness of efforts to procure attendance of a witness at trial cannot be assessed by reference to rigid rules of law; it depends upon analysis of practical human experience and contemporary community standards . . . ." (*People v. McElroy, supra*, 208 Cal.App.3d at p. 1426, fn. 7.)

The *McElroy* court then went on, in footnote 7, to discuss a number of local considerations that would be known only to the trial judge and would be weighed in reaching a decision as to due diligence. It concluded that footnote by stating: "The deferential 'abuse of discretion' standard properly assigns the trial court, with its reservoir of practical knowledge, the responsibility to evaluate the efforts in light of the circumstances and realities confronting prosecutors and law enforcement agencies." (*People v. McElroy, supra*, 208 Cal.App.3d at p. 1427, fn. 7.)

In *People* v. *Watson* (1989) 213 Cal.App.3d 446 [261 Cal.Rptr. 635], the Sixth Division of the Second District applied the independent judgment standard. (*Id*. at p. 452.) The court did not discuss the issue, but simply cited *Louis* as authority.

In *People* v. *Turner* (1990) 219 Cal.App.3d 1207 [268 Cal.Rptr. 686], the First Division of the Second District rejected *Watson* and concluded that *McElroy* contained a correct statement of the law. Rejecting *Watson*, the court stated: ". . . *Watson* cited *Louis* without discussion or analysis, and failed to cite or discuss *Hovey* and its clarification of the *Louis* dicta. Moreover, the *Watson* court neither addressed nor resolved this issue, and affirmed the lower court's finding of unavailability. We agree with [*McElroy*] . . . ." (*Turner, supra*, 219 Cal.App.3d at p. 1214.)

We find the reasoning set forth in *McElroy* and *Turner* persuasive and conclude that abuse of discretion is the proper standard of review.

IIIB.-IV*

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

DISPOSITION

The abstract of judgment shall be modified to reflect one additional day of custody credit. In all other respects, the judgment is affirmed.

Baxter, Acting P. J., and Dibiaso, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 15, 1990.

---

*See footnote, *ante*, page 1002.